# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE OF THE AAMES MORTGAGE INVESTMENT TRUST 2005-1 | § § § § § § § § § |
| v. | |
| BERN A. MORTBERG | |

Civil Action No. 4:19-CV-875
(Judge Mazzant/Judge Nowak)

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 16, 2020, the report of the Magistrate Judge (Dkt. #44) was entered containing proposed findings of fact and recommendations that Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee of the Aames Mortgage Investment Trust 2005-1's Motion for Summary Judgment (Dkt. #24) be granted and Defendant Bern A. Mortberg's request for sanctions and request for abstention each be denied. Having received the report of the Magistrate Judge, considered Defendant's Objections (Dkt. #55) and Plaintiff's Response (Dkt. #56), and conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### RELEVANT BACKGROUND

The background of this case is set out in further detail by the Magistrate Judge and need not be repeated here in its entirety. Defendant is a lawyer who is proceeding *pro se*; the suit arises out of a foreclosure sale of Defendant's home, the real property located at 3724 Norwich Lane,

Plano, Texas 75025. Defendant is in default under the Loan, and this is at least the tenth lawsuit related to the Property. Plaintiff, who purchased the Property at a foreclosure sale on October 2, 2018, seeks a declaration that the September 27, 2018 *ex parte* Temporary Restraining Order issued by the 416th Judicial District Court of Collin County, Texas, was defective and that the title to the Property was validly conveyed at the sale. Plaintiff also seeks a writ of possession.

In considering Plaintiff's Motion for Summary Judgment, the Magistrate Judge concluded, upon review of relevant, limited authority, that the *ex parte* Temporary Restraining Order issued by the state court was void, found the foreclosure sale proper, and recommended the request for a judgment of writ of possession be granted (Dkt. #44 at pp. 10–30). The Magistrate Judge also recommended Defendant's request for abstention and sanctions each be denied (Dkt. #44 at pp. 30–32). After the Magistrate Judge granted three extensions of the deadline to file objections to the report, Defendant filed objections on January 29, 2021 (Dkts. #47; #51; #54; #55). In total, Defendant had seventy-four days to file his objections, which are nine pages in length. Defendant asserts six objections—two factual and four legal—and further insinuates the Magistrate Judge has not been a "non-biased finder of fact" and calls portions of the report "bold-faced lie[s]" and "ad hominem attacks" (Dkt. #55 at pp. 2, 5). Plaintiff filed a Response on February 8, 2021, arguing the Magistrate Judge correctly concluded the TRO was deficient, and further that Ocwen's records were incorporated into PHH's records, and declarant Feliciano is familiar with these records (Dkt. #56 at pp. 1–2).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

Defendant first objects to the report's inclusion of the past litigation related to the Property because it is irrelevant (Dkts. #44 at pp. 2–3; #55 at p. 1). But this objection is immaterial to the disposition of the case. Defendant next objects to the report's discussion of a motion in state court, calling it "a bold-faced lie" (Dkts. #44 at p. 6; #55 at p. 2). Despite Defendant's statement, upon review, the summary judgment record reflects exactly what the report detailed—Plaintiff filed a "Motion for Non-Suit" in state court that explained "Plaintiff no longer desires to prosecute this action" and requested the court "enter an Order of Non-Suit" (Dkt. #24-16 at p. 2). Defendant's factual objections are overruled.

Defendant also asserts four legal objections. First, Defendant objects to the Magistrate Judge's conclusion that the Feliciano Declaration was made with the declarant's personal knowledge (Dkts. #44 at pp. 13–18; #55 at pp. 5–7). He asserts Feliciano did not have access to the records until after the Ocwen-PHH merger, which was after the foreclosure sale (Dkt. #55 at pp. 5, 7). He also asserts Feliciano had general, rather than specific, knowledge and that there is no demonstration of "any knowledge of the exact processes of the actual loan servicer" (Dkt. #55 at p. 6). The Feliciano Declaration, however, satisfies the business records predicate and establishes the requisite personal knowledge. *See* FED. R. EVID. 803(6)(C); (Dkt. #24-1 at pp. 2–3). Here, Feliciano is a Senior Loan Analyst at PHH, which is the successor by merger to Ocwen. The records of Ocwen were incorporated into the records of PHH and Feliciano reviewed the records (Dkt. #24-1 at pp. 2–3). It is well established that "business records produced by another entity, but subsequently integrated into the records of the party offering them, [are] admissible." *5832V Group, LLC v. Select Portfolio Servicing, Inc.*, No. 4:16-CV-00192-ALM-CAN, 2017 WL 2989195, at *4 (E.D. Tex. Mar. 8, 2017) (collecting cases). Defendant's objection is overruled.

3

Defendant next objects to the report's conclusion that the *ex parte* Temporary Restraining Order is void, arguing the Temporary Restraining Order complied with all requirements (Dkts. #44 at pp. 18–22; #55 at pp. 2–4). As the Magistrate Judge detailed, however, the Temporary Restraining Order did not include the hour of issuance, which is required under Texas Rule of Civil Procedure 680 (Dkt. #24-10 at pp. 2–3). And in *Hall v. BAC Home Loan Servicing, L.P.*, the Fifth Circuit concluded, as the Magistrate Judge has here, that a temporary restraining order was void when it failed to meet the requirements under Texas Rule of Civil Procedure 680. 541 F. App'x 430, 432–33 (5th Cir. 2013). In reaching her conclusion, the Magistrate Judge followed existing precedent. By failing to meet the requirements under Texas Rule of Civil Procedure 680, the *ex parte* Temporary Restraining Order is void. Defendant's objection is overruled.

Defendant further objects because there is no competent evidence to support the conclusion that Plaintiff "served all mandated notices" (Dkt. #55 at p. 5). Yet Defendant's cursory argument ignores the Magistrate Judge's discussion of the required notices (Dkt. #44 at pp. 27–28). Indeed, Defendant was sent a notice of default via certified mail on July 6, 2018 (Dkts. #24-1 at p. 4; #24-5 at p. 4). *See* TEX. PROP. CODE § 51.002(d). Defendant was also sent a notice of acceleration and notice of foreclosure sale via certified mail two months later on September 6, 2018 (Dkt. #24-6). *See id.* § 51.002(b)(3). Plaintiff complied with the requisite notice requirements by sending the notices via certified mail and depositing them "in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *See id.* § 51.002(e). Defendant's objection is overruled.

Finally, Defendant objects to the Magistrate Judge's recommendation that his request for sanctions be denied, arguing the report merely "brush[ed] aside" his request (Dkt. #55 at pp. 2, 7). This is inconsistent with the report, which details how the request fails to comply with Federal

4

Rule of Civil Procedure 11 because the request was not made separately from another motion and because it did not comply with the safe-harbor provision (Dkt. #44 at pp. 31–32). Defendant's objection is overruled.

In sum, the Court adopts the Magistrate Judge's report in full.

## CONCLUSION

Having considered Defendant's Objection (Dkt. #55) and Plaintiff's Response (Dkt. #56), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #44) as the findings and conclusions of the Court. Accordingly,

It is therefore **ORDERED** that Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee of the Aames Mortgage Investment Trust 2005-1's Motion for Summary Judgment (Dkt. #24) is **GRANTED**.

It is further **ORDERED** that Defendant Bern A. Mortberg's request for sanctions and request for abstention are each **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 24th day of February, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE