IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE OF THE AAMES MORTGAGE INVESTMENT TRUST 2005-1, | § § § § § § | |
| Plaintiff, | § | Civil Action No. 4:19-cv-875-ALM-CAN |
| v. | § § § | |
| BERN A. MORTBERG, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S POST JUDGMENT MOTIONS**

COMES NOW Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee of the Aames Mortgage Investment Trust 2005-1 ("Plaintiff" or "Deutsche Bank"), and files this its Response to Defendant's Post Judgment Motions and would respectfully show the Court as follows:

**I. Rule 60 Motion**

Defendant Bern Mortberg, ("Defendant") states in his Motion that it is filed under Rule 59 of the Federal Rules of Civil Procedure. *See ECF No. 59.* Defendant, however, filed his Motion on March 25, 2021, which was 29 days after the Court entered its Final Judgment on February 24, 2021. *See ECF Nos. 58 and 59.* Accordingly, Defendant's Motion must be construed as one filed under Federal Rule of Civil Procedure 60. *See Oliver v. Klein Indep. Sch. Dist.*, 472 F. Supp. 3d 367, 373 (S.D. Tex. 2020) (construing titled "Rule 59" motion filed on the 29th day after judgment as a Rule 60 motion); *see also Halicki v. La. Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir. 1998) (court has discretion to consider an untimely Rule 59 motion as

one filed under Rule 60 if the arguments contained therein will support a Rule 60 motion).

## II.  Rule 60 Standard

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a court's final judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is only granted when it is not covered by the five enumerated grounds and when "extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted).

"The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc*., 933 F.2d 341, 347 (5th Cir. 1991). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc*., 396 F.3d 632, 638 (5th Cir. 2005). However, "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." *Bailey v. Ryan Stevedoring Co., Inc*., 894 F.2d 157, 160 (5th Cir. 1990).

Defendant here seeks to set aside the Court's Final Judgment on bases of newly discovered evidence, mistake of fact, and mistake of law.

## III.  Argument and Authorities
### A.  *Newly Discovered Evidence.*

Defendant seeks to set aside the Court's Final Judgment based upon newly discovered

evidence. *See ECF No. 59, p.1.* This supposedly new evidence is a document that Defendant supposedly received from the original lender or Plaintiff indicating that he would be provided 45 days' to cure his default after receiving a notice of default. *See ECF No. 59-1, p.1, ¶3.* Defendant, however, does not provide this document. *See Bieler v. HP Locate, L.L.C.*, No. 14-10632, 598 Fed. Appx. 251, 2015 U.S. App. LEXIS 662, 2015 WL 191133, at *2 (5th Cir. Jan. 15, 2015) (movant in Rule 60(b)(2) motion must present the allegedly newly discovered evidence). Therefore, he has not met his burden of proof to show the existence of newly discovered evidence. The evidence in the record is the Deed of Trust, which says that Defendant would be allowed "no less than 30 days" to cure the default. *See ECF No. 24-3, p.14.* The summary-judgment record shows that Defendant was provided 37 days to cure the default. *See ECF No. 24-5, ¶4.*

Furthermore, the propriety of the Notice of Default was not a claim raised in the proceeding. The case was about whether the foreclosure sale was invalid due to deficiencies in the temporary restraining order that Defendant had obtained in the state court. *See Stelly v. Duriso*, 982 F.3d 403, 407 (5th Cir. 2020) (unpled theories may not be the subject of a Rule 60 motion); *Goldstein v. MCI Worldcom*, 340 F.3d 238, 259 (5th Cir. 2003).

### B. *Error of Law.*

Defendant argues that the Final Judgment should be set aside due to an alleged error in law. *ECF No. 59, p.2.* This argument is that same as for the supposed newly discovered evidence. Again, there is no documentation indicating that Defendant was to be provided 45 days to cure his default before the loan was accelerated. Moreover, this was not an issue in the case. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (to prevail under Rule 60(b)(6), the movant must show that the newly-submitted evidence establishes a fact so central to the litigation that it shows the initial judgment to have been manifestly unjust.)

Defendant's argument is unfounded.

### C. Error of Fact.

Defendant contends that the entry of Judgment was improper due to an alleged error of fact. *ECF No. 59, p.3*. This, again, is the same argument for newly-discovered evidence. There is no merit to the argument.

### D. Declaration of Mark Feliciano.

Defendant complains about the Declaration of Mark Feliciano, who Defendant says did not testify from personal knowledge and was not competent to testify. *ECF No. 59, p.3*.

The Court duly considered Defendant's objection to Mark Feliciano and determined that Mr. Feliciano was competent to testify from his review of Plaintiff's business records. *See ECF No. 44, pp.13-18*. In his Motion, Defendant offers nothing to challenge the propriety of the Court's ruling. Instead, Defendant just makes general assertions that Mr. Feliciano was not competent to testify. This type of general argument provides no basis for the Court to reconsider its evidentiary ruling. *Venegas v. Stephens*, No. 2:12-CV-306, 2013 U.S. Dist. LEXIS 143709 *4 (S.D. Tex. Oct. 4, 2013) (general complaints in Rule 60 motion provide no basis to set aside judgment).

### E. Declaration of Michael Zientz.

Defendant complains about the Declaration of Michael Zientz. *ECF No. 59, p.4*. According to Defendant, Mr. Zientz gave faulty testimony in a bankruptcy case and that his testimony in the present case was somehow wrongful. *Id.*

Defendant, however, does not identify anything in Mr. Zientz's Declaration that was supposedly not truthful. He just makes a general argument that Mr. Zientz should not be believed.

As Defendant cannot identify anything in Mr. Zientz's Declaration that is allegedly not true, Defendant provides the Court with no basis to set aside its Final Judgment. *See Mamou v. Davis*, No. H-14-403, 2016 U.S. Dist. LEXIS 169728 *6 (S.D. Tex. Dec. 8, 2016) (failure to identify false testimony presents nothing for the Court to consider).

### F. *Ruling on Declaratory Judgment.*

Defendant argues that the Court should have declined to consider Plaintiff's claim for declaratory judgment under some sort of abstention theory because the state courts have a more direct relationship to the prior events in the case. *See ECF No. 59, p.5.* Defendant only previously raised abstention in his summary-judgment response, and then did do without any citation to authority or argument. *See ECF No. 31, p.6.* Defendant in his Post-Judgment Motions similarly makes his argument without reference to facts or law. Accordingly, he presents no reason to disturb the Court's Final Judgment. *Joynor v. Berman Leasing Co.*, 398 F.2d 875, 878 (5th Cir. 1968) (vague argument in motion for new trial presents nothing for the Court to consider).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant's Post Judgment Motions be denied. Plaintiff requests such other and further relief to which it may be justly entitled at law or in equity.

          Respectfully submitted,

          By: */s/ Mark D. Cronenwett*
                **MARK D. CRONENWETT**
                Texas Bar No. 00787303
                mcronenwett@mwzmlaw.com

          **MACKIE WOLF ZIENTZ & MANN, P.C.**
          14160 N. Dallas Parkway, Suite 900
          Dallas, Texas 75254
          214-635-2650 (Phone)
          214-635-2686 (Fax)

          *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was delivered to the following in the manner described below on March 30, 2021.

*Via ECF Notification:*
Bern A. Mortberg
bern@mortgberglaw.com
Law Office of Bern A. Mortberg
3724 Norwich Lane
Plano, Texas 75025

          */s/ Mark D. Cronenwett*
          **MARK D. CRONENWETT**