# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE OF THE AAMES MORTGAGE INVESTMENT TRUST 2005-1 | § § § § § |
| v. | § Civil Action No. 4:19-CV-875 § (Judge Mazzant/Judge Nowak) § |
| BERN A. MORTBERG | § § |

## ORDER

Pending before the Court is Defendant Bern A. Mortberg's filing entitled Post Judgment Motions, containing requests for new trial and relief from judgment (Dkt. #59). Having considered the relevant pleadings, the Court finds the "Post Judgment Motions" should be **DENIED**.

Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee of the Aames Mortgage Investment Trust 2005-1 ("Plaintiff") filed the instant suit on November 25, 2019, seeking relief related to the foreclosure sale of the property located at 3724 Norwich Lane, Plano, Texas 75025 ("the Property"). On November 16, 2020, the Magistrate Judge recommended Plaintiff's Motion for Summary Judgment (Dkt. #24) be granted, and after consideration of Defendant's objections (Dkt. #55), the undersigned adopted such recommendation on February 24, 2021 (Dkt. #57). A final judgment was entered that same day (Dkt. #58). Twenty-nine days later, on March 25, 2021, Defendant filed the instant Post Judgment Motions (Dkt. #59). In his request for new trial, Defendant asserts: (1) he has "discovered new evidence after trial" (Dkt. #59 at p. 2); and (2) both a "manifest error of law" (Dkt. #59 at p. 2) and "manifest error of fact" exist (Dkt. #59 at p. 3). With respect to his request for relief from judgment, Defendant further contends summary judgment was not proper because the declarations supporting the motion were "not made on personal knowledge, did not set out facts that would be admissible in

evidence, [] did not show that the declarant was competent to testify" (Dkt. #59 at p. 3), and "had all the appearances of a declaration filed in bad faith" (Dkt. #59 at p. 4). By way of relief, Defendant asks the Court to stop Plaintiff from evicting him from the Property (Dkt. #59 at p. 4).

Plaintiff opposes Defendant's requests, arguing Defendant is attempting to litigate new claims not raised in the previous proceeding, namely the propriety of the "newly discovered evidence" and Zientz's declaration, and re-raising issues the Court has already specifically addressed, specifically Defendant's objections to Feliciano's declaration (Dkt. #60 at pp. 2–5).

As an initial matter, when a motion for summary judgment has been granted as to a party's claims, the claims do not proceed to a formal trial, making a "new trial" a logical fallacy. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also Alford v. Access Indus., Inc.*, No. 1:15-CV-59, 2016 WL 7665860, at *1 (E.D. Tex. Apr. 26, 2016) ("Because no trial was held in this case, Rule 59(a) does not apply."). As such, the Court construes Defendant's request as one for "reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Caldwell v. Parker Univ.*, 802 F. App'x 841, 842 (5th Cir. 2020). "If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Wooten v. Parker*, No. 1:17-CV-012-BL, 2019 WL 10945419, at *1 (N.D. Tex. May 22, 2019) (citing *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2021)), *aff'd*, 830 F. App'x 443 (5th Cir. 2020); *Benson v. St Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). Plaintiff's request for reconsideration was filed twenty-nine

(29) days after final judgment was entered, and thus must be construed under Rule 60(b).[1] Under Rule 60(b), "relief from a judgment or order" may issue for the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on a earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justified relief.

FED. R. CIV. P. 60(b). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Alexander v. Wells Fargo Bank, N.A*., No. H-15-1596, 2018 WL 1629143, at *3 (S.D. Tex. Apr. 4, 2018) (citing *Torns v. Miss. Dep't of Corrs.*, 421 F. App'x 316, 317 (5th Cir. 2010)).

The Court turns first to Defendant's contention that the Court should not have considered Mark Feliciano's Declaration in finding summary judgment for Plaintiff proper (Dkts. #44 at pp. 13–18; #57 at p. 3). Defendant objected at summary judgment, as he does now, that the declaration was not based on personal knowledge; the Court, upon a thorough consideration, overruled such objection (Dkt. #44 at pp. 13–18). Defendant offers nothing to challenge the propriety of the Court's ruling. A Rule 60(b) motion cannot be used to rehash arguments or reassert allegations that have already been considered. *See Lyles v. Seacor Marine, Inc.*, 555 F.

---

[1] Although Defendant contends that his Motion for New Trial was filed within twenty-eight (28) days of final judgment (Dkt. #59 at p. 1), Defendant is mistaken. Final judgment was entered on February 24, 2021, and Defendant's Motion for New Trial was not filed with the Court until March 25, 2021. Twenty-eight days following February 24, 2021 is Wednesday, March 24, 2021.

3

App'x 411, 412 (5th Cir. 2014) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments.").

As to Defendant's remaining evidentiary argument, "[t]he Fifth Circuit has [also] held that Rule 60(b) motions cannot be used to raise new arguments which could and should have been made before the challenged ruling." *Noiel v. Rusk State Hosp.*, No. 6:15-CV-1158-RWS, 2019 WL 166551, at *2 (E.D. Tex. Jan. 10, 2019) (citing *Dial One of the Mid-South v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005)).  Here, Defendant argues that the Court neglected its "duty" to sanction Plaintiff's attorney, Michael Zientz, for submitting a false affidavit (Dkt. #59 at p. 4).  This is the first time Defendant has raised this specific contention, and Defendant does not identify what specifically in the declaration was untruthful.  Failure to identify the purportedly false testimony leaves nothing for the Court to consider.  Moreover, as the Court once explained, Defendant's initial request for sanctions failed to comply with the Federal Rules of Civil Procedure (Dkts. #44 at pp. 31-32; #57 at pp. 4–5).

This leaves for consideration Defendant's "new trial" bases: newly discovered evidence, mistake of fact, and mistake of law, each of which hinge upon a document Defendant alleges he received indicating he would be provided 45 days to cure his default after receiving a notice of default (Dkt. #59 at pp. 2–3).  Defendant argues this new evidence may change the outcome of this case.  To obtain relief under Rule 60(b)(2) based on newly discovered evidence, Defendant must show that (1) he "exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N-BH, 2020 WL 5077762, at *2 (N.D. Tex. July 22, 2020) (citing *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (internal quotation omitted)), *report and recommendation adopted*, No. 3:18-CV-2117-N,

4

2020 WL 5057367 (N.D. Tex. Aug. 26, 2020). These requirements must be "strictly" satisfied. *Id.* Defendant has failed to comply with Rule 60(b)(2). Defendant does not provide his alleged new evidence in connection with his Post Judgment Motions. Defendant also makes no mention of how such "new evidence" would have "clearly [] produced a different result if present before the original judgment." *See Oden v. Infosys Ltd.*, No. 3:17-CV-02794-G-BT, 2019 WL 6330573, at *2 (N.D. Tex. Nov. 1, 2019) (Finding plaintiff not entitled to relief under Rule 60(b) based on new evidence where not demonstrated "that she exercised due diligence in obtaining it, and that it is 'material and controlling and clearly would have produced a different result if presented before the original judgment.'") (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995)), *report and recommendation adopted*, No. 3:17-CV-2794-G (BT), 2019 WL 6329562 (N.D. Tex. Nov. 26, 2019). The evidence before the Court, as previously explained, reflects that Plaintiff complied with the Texas Property Code in providing Defendant notice (Dkt. #44 at pp. 26–28; #57 at p. 4). Defendant has wholly failed to carry his burden to establish that new evidence was discovered after final judgment was entered, could not have been produced before final judgment even with due diligence, and would alter the outcome of the case.

Defendant also premises his assertions of manifest error of law and manifest error of fact on the allegedly "newly discovered evidence" which purportedly entitled him to 45 days to cure his default (Dkt. #59 at pp. 2–3). "A manifest error of law or fact must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Walker v. HongHua America, LLC*, No. 4:12–cv–00134, 2012 WL 1898892, at *1 (S.D. Tex. May 23, 2012) (citation omitted). There is no merit to these arguments.

In sum, Defendant's allegations of new evidence, manifest error of law, and manifest error of fact fail. Defendant attempts to improperly rehash legal theories the Court has already rejected

5

in considering Plaintiff's motion for summary judgment, and impermissibly raise new arguments in his Post Judgment Motions. Defendant's Post Judgment Motions should therefore be denied. *See Truvia v. Connick*, 577 F. App'x 317, 327 (5th Cir. 2014) (concluding the appellants "failed to demonstrate a sufficient error of law or fact that warranted the district court's reconsideration of its summary judgment order"). Defendant may disagree with the Court's decision; nonetheless, there is no meritorious basis for the "extraordinary remedy" of altering or amending the judgment.

## CONCLUSION

Having considered Defendant's Post Judgment Motions (Dkt. #59), Plaintiff's Response (Dkt. #60), and all other relevant filings, the Court is of the opinion that the Post Judgment Motions should be denied. Accordingly,

It is therefore **ORDERED** that Defendant Bern A. Mortberg's Post Judgment Motions (Dkt. #59) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 27th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE